IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUDITH JOHNSON and LOUIS JOHNSON, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 08-593-JJF |
| | : |
| ROBERT PORTZ, M.D., and THOMAS CATHCART, P.A., and ALI DELBAKHSH, M.D., and BEEBE MEDICAL CENTER, SUSSEX EMERGENCY ASSOCIATES, L.L.C., and CARDIOLOGY CONSULTANTS, P.A., | : |
| | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Pending before the Court is Defendants Beebe Medical Center, Inc., Dr. Robert Portz, M.D., Thomas Cathcart, P.A., Sussex Emergency Associates LLC, Dr. Ali Delbakhsh, M.D., and Cardiology Consultants PA's  (collectively "Defendants") Motion In Limine To Preclude Any Use By Plaintiffs At Trial Of An Outdated And Superseded Version Of The Advanced Cardiovascular Life Support Provider Manual.  (D.I. 183.)  Plaintiffs Judith Johnson and Louis Johnson oppose the instant Motion.  (D.I. 187.)

**I. BACKGROUND**

This case was initiated on September 23, 2008.  Plaintiffs' complaint alleges claims both under common law medical malpractice and the federal Emergency Medical Treatment and Active Labor Act ("EMTALA").  (D.I. 1.)

The relevant facts took place on May 6, 2007, when Plaintiff

Judith Johnson presented to the Emergency Department at the Beebe Medical Center.  Ms. Johnson sought medical assistance because she had persistent indigestion, excessive belching, and chest pain.  Following a physical exam, an electrocardiogram ("EKG") was performed at 7:53 PM and interpreted at 7:55 PM.  The EKG showed that Ms. Johnson was having a heart attack.  Shortly there-after, Ms. Johnson became unresponsive.  A code was called for Ms. Johnson and from about 8:00 PM to 8:34 PM measures were taken to revive her.  At 8:34 PM Ms. Johnson was pronounced dead by Dr. Portz.  At 9:10 PM Ms. Johnson was found to be alive and breathing by a tech who was to transport her to the morgue. Following the discovery that Ms. Johnson was alive, further medical assistance was provided.  Ms. Johnson has had some measure of recovery, but she does have permanent neurologic damage.

The instant Motion relates to the fact that Defendants terminated resuscitation efforts on Ms. Johnson following 13 defibrillator shocks and while Ms. Johnson's heart rhythm was persistent ventricular fibrillation ("VF").  The disputed manuals relate to the proper course of treatment for a patient in VF.

## II. DEFENDANTS' MOTION IN LIMINE

### A. Parties' Contentions

Through the instant Motion (D.I. 183) Defendants request that the Court preclude Plaintiffs from any use of the 2001

2

version of the American Heart Association ACLS Provider Manual
("2001 Manual") because it has been succeeded by the 2006 version
("2006 Manual").  (Id.)  Defendants contend that the 2006 Manual
is the current version and was current at the time of the events
leading to this action.  Furthermore, Defendants argue that the
2006 Manual abandoned the prior standard of treatment of a
patient in VF, which had been to continue resuscitation efforts,
and "no longer states that VF is a 'treatable rhythm' or that
resuscitative efforts must be continued indefinitely if a patient
is in VF.".  (Id. at 4.)  Based on that change, Defendants argue
that the 2001 Manual is not relevant and thus inadmissible under
Fed. R. Evid. 402 (Id. at 5) and is unduly prejudicial under Fed.
R. Evid. 403.  (Id. at 6.)

     Plaintiffs[1] counter that there is no substantive difference
between the 2001 Manual (and the nearly identical 2004 Manual)
and the 2006 Manual.  (D.I. 186 at 2.)  Plaintiffs contend that
the 2006 Manual substantially revised the format of the
information from the prior versions, but did not alter the
substance of the information.  (Id.)  Plaintiffs argue that
because the multiple Manuals all present the same basic
information, all the Manuals support the bases of the opinions of
Plaintiffs' experts.  (Id. at 6.)  Lastly, Plaintiffs contend

     [1]Plaintiffs contend that Defendants' Motion is untimely
because it was not brought prior to the Pre-Trial Conference.
(D.I. 186 at 1.)  Despite this objection, the Court will address
the Motion on its merits.

3

that the admissibility of the Manuals should be determined by the Court at trial because they are admissible under Fed. R. Evid. 803(18) as learned treatises, are relevant, both as a matter of fact and for impeachment, and are not unduly prejudicial. (See e.g. Id.)

## B. Decision

The Court concludes that Defendants' Motion must be denied because the 2006 Manual does not clearly supercede the 2001 Manual and the 2004 Manual and its use by Plaintiffs' experts is not unduly prejudicial. Although acceptable for use by Plaintiffs' experts, the question of the admissibility of the 2001 and 2004 Manuals will be determined at trial.

In the Court's view, the 2001 Manual is not irrelevant as superceded by the 2006 Manual. Although the 2006 Manual followed the 2001 and 2004 Manuals, there is no indication that it superceded these prior Manuals or invalidated the information contained in them. The information cited by Defendants in the 2001 Manual is the statement that "[a]s long as VF/VT persists, attempts to defibrillate must continue." (D.I. 183 Ex. A at 79.) It is correct that this statement was not included in the 2006 Manual and Defendants contend that the statement was replaced by this statement: "termination of resuscitative efforts may be appropriate." (Id. Ex. D at 63.)

However, Defendants' arguments mischaracterize the language of the 2006 Manual. The only actual change the 2006 Manual makes

4

from prior editions regarding a patient in VF concerns the number of shocks to administer per cycle of treatment. (D.I. 186 Ex. C (D.I. 195) at 43.) The 2006 Manual does not provide any changes to the process of administering treatment to patients in VF, and while not spelled out, the flow chart in the 2006 Manual indicates that treatment should continue as long as a patient is in VF. (Id. Ex. C at 42.) The quote concerning cessation of treatment referenced by Defendants does not address a patient in VF, but a patient in asystole. (D.I. 183 Ex. D at 62.) Based on the actual Manuals, there is no evidence that the 2006 Manual was meant to supercede the prior Manuals. This is further emphasized by the American Heart Association's statement that the "new recommendations do not imply that care involving the earlier guidelines is either unsafe or ineffective. . . . People should continue to perform CPR just as they were last trained and follow the prompts of the AED that they are using." (D.I. 183 Ex. B.) Thus, it has not been shown that the 2006 Manual superceded or contrasted the information in the prior editions. Therefore, the Court concludes that the 2001 and 2004 Manuals are not irrelevant as out-dated.

Second, the Court concludes that the 2001 and 2004 Manuals are not unduly prejudicial under Fed. R. Evid. 403. Under Rule 403, evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R.

5

Evid. 403. Because the Court has concluded that the 2001 and 2004 Manuals have not been superceded as they relate to treating a patient in VF, they are not likely to be confusing or misleading to a jury. Additionally, Defendants' concerns about the value of the Manuals are appropriate in the context of attempting to impeach the value of the Manuals at trial and the weight the jury may give an expert's opinion, but these challenges are not sufficient to demonstrate undue prejudice under Fed. R. Evid. 403. Thus, Fed. R. Evid. 403 does not bar admission of the 2001 or 2004 Manual.

### III. CONCLUSION

In sum, the Court concludes that Defendants' Motion In Limine To Preclude Any Use By Plaintiffs At Trial Of An Outdated And Superseded Version Of The Advanced Cardiovascular Life Support Provider Manual (D.I. 183) must be denied because the 2001 and 2004 Manuals are not irrelevant as superceded and are not unduly prejudicial.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion In Limine To Preclude Any Use By Plaintiffs At Trial Of An Outdated And Superseded Version Of The Advanced Cardiovascular Life Support Provider Manual (D.I. 183) is **DENIED**.

April ___, 2010
DATE

UNITED STATES DISTRICT JUDGE

6